# IN THE COURT OF APPEALS OF IOWA

No. 21-0797
Filed November 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAYQUANWNE DASHAWN GATES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

        A defendant appeals his convictions for first-degree murder and possession

of a firearm as a felon. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

        Heard by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Dayquawne Gates appeals his convictions for first-degree murder and possession of a firearm as a felon. We find the district court did not abuse its discretion in denying Gates's motion for a mistrial. We also find Gates was not prejudiced by a jury instruction on aiding and abetting because there was substantial evidence to support the State's other theory—that Gates was the person who fired the fatal shots. We affirm Gates's convictions.[1]

### I. Background Facts & Proceedings

Robert Freeman spent the evening of May 29, 2020, with a friend, Kamario Hill, in Des Moines and stayed at Hill's apartment overnight. The following morning, May 30, while Freeman was walking down the sidewalk in the area of East Fourteenth and Dean Avenue, he was fatally shot. Officers received a report of the shooting at 8:27 a.m. and responded within minutes. They found Freeman without a pulse. Six shell casings from a nine millimeter gun were nearby. Freeman was transported to a local hospital where his death was pronounced.

Officers spoke to Hill, Katelynn Shuey, and Cierra Parson that day. From interviewing these witnesses, officers believed Gates was a person of interest. Gates and Freeman both had a romantic interest in the same woman. After viewing videos from security cameras in the area, officers became interested in a gray Ford Focus with dealer plates. When they located the vehicle, law enforcement learned it was registered to Gates's mother. Officers obtained a search warrant for the vehicle. There was a spent nine millimeter shell casing

---

[1] While Gates appeals both convictions, his arguments are limited to his conviction for first-degree murder.

under the hood near the windshield that matched the six shell casings found at the scene.

Footage obtained from security cameras near Gates's home on Third Street showed Gates exited his house at 8:06 a.m. on May 30, drove away in the gray Ford Focus, and returned to his house at 8:36 a.m. The officers also obtained footage from a fast-food restaurant, which reflected Gates going through the drive through between 8:11 a.m. and 8:15 a.m. Gates was interviewed by law enforcement on two occasions. He initially told officers he had not left his home the morning of May 30. When confronted with evidence of the video footage, Gates indicated he was "in a weed coma" and did not remember driving the car on the streets the morning of May 30.

Gates was charged with murder in the first degree, in violation of Iowa Code sections 707.1 and 707.2 (2020). The trial information alleged Gates "committed or aided and abetted in the commission" of first-degree murder. Gates was also charged with possession of a firearm by a felon, in violation of section 724.26.[2] Gates filed a motion to sever the charges and the court granted the motion.[3] In a motion in limine, Gates asked the court to prohibit testimony of "pending or prior criminal charges or convictions." The court granted this request.

During the jury trial on the murder charge, the following exchange occurred between the prosecutor and a detective:

> Q. Upon conclusion of your interview with the defendant on June 5th of 2020, did you place him under arrest? A. Yes.

---

[2] When officers searched Gates's residence, they found a .38 handgun. This weapon was not involved in the shooting incident.

[3] Gates stipulated to his prior conviction, and the court found him guilty of being a felon in possession of a firearm.

Q. What was he charged with? A. He was charged with first-degree murder and felon in possession of a firearm.

Gates moved for a mistrial due to the reference to the charge of possession of a firearm by a felon. The State argued the isolated statement was not prejudicial. The court offered to provide a curative instruction, which Gates declined. The court denied the motion for a mistrial.

At the close of evidence, the State requested an instruction on aiding and abetting, noting the trial information contained this theory. Gates resisted the State's request, asserting the State did not present sufficient evidence to support giving the instruction. The State highlighted that the defense claimed someone else had done the shooting. The court ruled there was sufficient evidence to give an instruction on aiding and abetting.

The jury found Gates guilty of first-degree murder. He was sentenced to life in prison. Gates now appeals.

## II.    Motion for Mistrial

Gates contends the district court should have granted his motion for mistrial.[4] He asserts that he was prejudiced when a detective testified that he was charged with first-degree murder and possession of a firearm as a felon when the charge of possession of a firearm as a felon was severed from the charge of first-degree murder. He states the detective's testimony informed the jury he was a felon at the time of the current criminal charges and such testimony was in violation of the court's previous ruling on the motion in limine.

---

[4] Gates's appellate brief has several pages on the issue of error preservation. The State, however, does not dispute that Gates preserved error on this claim.

We review a district court's ruling on a motion for mistrial for an abuse of discretion. *State v. Phanhsouvanh*, 494 N.W.2d 219, 222 (Iowa 1992). The court has broad discretion. *State v. Hunt*, 801 N.W.2d 366, 373 (Iowa Ct. App. 2011). The district court is in the best position "to gauge the effect of the matter on the jury." *Id.* (citation omitted).

"A mistrial is appropriate when 'an impartial verdict cannot be reached' or the verdict 'would have to be reversed on appeal due to an obvious procedural error in the trial.'" *State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006) (citation omitted). "The pertinent question here is whether the trial court was clearly unreasonable in concluding an impartial verdict could be reached notwithstanding the witness's testimony." *Id.*

We find the statement at issue was a single, isolated reference. *See State v. Anderson*, 448 N.W.2d 32, 34 (Iowa 1989) ("[P]rejudice results from *persistent* efforts to inject prejudicial matter before the jury." (alteration in original) (citation omitted)). The State presented testimony from twenty-four witnesses in a seven-day trial. *See State v. Lopez-Aguilar*, No. 17-0914, 2018 WL 3913672, at *4 (Iowa Ct. App. Aug. 15, 2018) ("The challenged evidence was insignificant given the length of the trial and scope of the evidence. Trial in this matter lasted five days. Twenty witnesses testified, including expert witnesses.").

The court offered to give a curative instruction, which the defendant declined. *See State v. Dominguez-Schiesl*, No. 21-1402, 2023 WL 5949177, at *6 (Iowa Ct. App. Sept. 13, 2023) (noting that if the defendant felt he was prejudiced he could have requested a curative instruction). But the court also recognized that a curative instruction may draw attention to the statement. Here, the jury was not

informed Gates was a felon. The detective stated Gates had been charged with possession of a firearm as a felon, but a charge is not a conviction. *See State v. Wilson*, 406 N.W.2d 442, 448 (Iowa 1987) ("A criminal defendant is presumed innocent until his guilt is established beyond a reasonable doubt."). Finally, there is evidence directly linking Gates to the offense. A shell casing matching the shell casings at the scene of the shooting was found in the vehicle driven by Gates at the time of the shooting.

We conclude the district court did not abuse its discretion by denying Gates's motion for mistrial.

### III. Jury Instruction

Gates claims the district court erred by giving the instruction on aiding and abetting. He asserts that no evidence was presented to support this theory. Challenges to jury instructions are reviewed for correction of errors at law. *State v. Spates*, 779 N.W.2d 770, 775 (Iowa 2010). "Our review is to determine whether the challenged instruction accurately states the law and is supported by substantial evidence." *Id.* "Error in giving a particular instruction does not warrant reversal unless the error was prejudicial to the party." *Id.*

Although Gates presents his argument as an issue of whether the jury should have been instructed on a theory of aiding and abetting, the underlying question is whether the State presented substantial evidence Gates aided and abetted another person in the commission of the offense. *See State v. Smith*, 739 N.W.2d 289, 293–94 (Iowa 2007) (noting defendant objected to an instruction on joint criminal conduct and then analyzed whether there was substantial evidence in the record to support that theory).

Iowa Code section 814.28 provides:

> When the prosecution relies on multiple or alternative theories to prove the commission of a public offense, a jury may return a general verdict. If the jury returns a general verdict, an appellate court shall not set aside or reverse such a verdict on the basis of a defective or insufficient theory if one or more of the theories presented and described in the complaint, information, indictment, or jury instruction is sufficient to sustain the verdict on at least one count.

Section 814.28 states that a jury's verdict should be affirmed if there is sufficient evidence to support any theory presented to the jury.[5] *See Dominguez-Schiesl*, 2023 WL 5949177, at *6. "In other words, we are required to affirm if at least one of the alternatives presented to the jury is supported by substantial evidence." *State v. Triplett*, No. 19-1902, 2021 WL 3074475, at *1 (Iowa Ct. App. July 21, 2021).

The jury was presented with two alternative theories—that Gates shot Freeman or Gates aided and abetted the person who shot Freeman. The jury returned a general verdict finding Gates guilty of first-degree murder. The State presented substantial evidence to support at least one of these theories—that Gates shot Freeman. The evidence showed Gates was driving a gray Ford Focus with dealer plates on the morning of the murder and a car matching this description drove by Freeman near the time of the shooting. Six shell casings from a nine millimeter gun were found near Freeman's body and a matching shell casing was

---

[5] "Under prior law, if the evidence was insufficient under one alternative, we would not try to divine which alternative the jury embraced and instead would reverse for retrial." *State v. Hivento*, No. 21-1445, 2023 WL 2395729, at *6 (Iowa Ct. App. Mar. 8, 2023). This practice ended when the legislature enacted section 814.28, effective July 1, 2019. *Id.* Gates was tried in 2021, after the effective date of section 814.28.

found in the gray Ford Focus.  There was also evidence of a motive, as Freeman and Gates were interested in the same woman.

Gates cannot show he was prejudiced by the instruction on aiding and abetting because there is substantial evidence in the record to support his conviction as the person who shot Freeman.  Under section 814.28, we can affirm Gates's conviction because there is sufficient evidence to support this theory.  *See Dominguez-Schiesl*, 2023 WL 5949177, at *6 (stating that although the State advanced two theories—that the defendant engaged in a shooting, or he aided and abetted the shooters—his conviction could be affirmed under section 814.28 if there was sufficient evidence of any theory presented to the jury).

Gates is not entitled to relief on his claim the district court improperly gave an instruction on aiding and abetting.  *See State v. Mott*, 759 N.W.2d 140, 149 (Iowa Ct. App. 2008) ("We will not reverse the district court unless prejudice results from an erroneous jury instruction.").

We affirm Gates's convictions.

**AFFIRMED.**